# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| John A. Nawara | ) | Bankruptcy No. 10 B 02331 |
| | ) | Chapter 13 |
| | ) | |
| Debtor(s) | ) | Judge Jack B. Schmetterer |
| | ) | |

To:    See Attached List

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on **March 6, 2013,** at the hour of 9:30 A.M., or as soon thereafter as counsel may be heard, I shall appear before the honorable Jack B. Schmetterer in Courtroom 682 of the United States Bankruptcy Court, 219 S. Dearborn St., Chicago, Illinois, or any other judge sitting in his place and stead, and shall then and there present the attached **Motion to Reopen Case**, a copy of which is hereby served upon you. You may appear if you so choose.

>       David P. Lloyd, Ltd.
>       615B S. LaGrange Rd.
>       LaGrange IL  60525
>       708-937-1264
>       Fax: 708-937-1265

## CERTIFICATE OF SERVICE

    I, David P. Lloyd, an attorney, certify that I caused a copy of the foregoing Notice and Motion to be served on the parties listed on the attached service list by electronic notice where indicated, and by first class mail by depositing with the United States Postal Service, Orland Park, Illinois, postage prepaid, prior to 5:00 P.M., this 27th day of February, 2013.


>       _____/s/ David P. Lloyd_____
>       David P. Lloyd

**Notice List**
**John A. Nawara**
**10 B 02331**

U.S. Trustee
USTPRegion11.ES.ECF@usdoj.gov

Tom Vaughn, Trustee
chiweb@tvch13.net

Robert J. Semrad & Assoc.
20 S. Clark St.
28th Floor
Chicago IL  60603

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| John A. Nawara | ) | Bankruptcy No. 10 B 02331 |
| | ) | Chapter 13 |
| | ) | |
| Debtor(s) | ) | Judge Jack B. Schmetterer |

**DEBTOR'S MOTION TO REOPEN CASE**

NOW COMES the Debtor, John A. Nawara, by and through his attorney, David P. Lloyd, and moves this honorable Court to reopen this case pursuant to Section 350(b) of the Bankruptcy Code, and in support thereof states as follows:

1. The Debtor commenced this case by filing a voluntary Chapter 13 petition on January 22, 2010.

2. At the time of the filing of this case, the Debtor was a plaintiff in a law suit pending in the United States District Court for the Northern District of Illinois, No. 08 CV 6621, entitled Burruss et al. v. Dart et al. The suit was filed by a number of correctional offices with the Cook County Sheriff's Office against the Cook County Sheriff and other officials with the Cook County Sheriff's office, alleging retaliation based on the plaintiffs' political affiliation.

3. At the time of the filing of this bankruptcy case, the Debtor anticipated that the relief he would likely obtain in the suit was reinstatement with the Cook County Sheriff and did not expect to obtain any financial recovery.

4. Prior to the filing of this bankruptcy case, the Debtor consulted with bankruptcy counsel regarding his schedules, but did not realize that the suit against the Cook County Sheriff must be disclosed in his schedules, and therefore the suit was not scheduled.

5. The Debtor attended the meeting of creditors on February 16, 2010. At that meeting, the

Trustee's representative asked the Debtor specifically if he was suing anyone, and the Debtor correctly replied that he was suing his work for discrimination.

6. The Debtor filed a 100% plan on January 22, 2010. Therefore, the absence of the claim on the Debtor's schedules did not affect the amount to be paid to creditors in the plan.

7. On February 3, 2010, at the Debtor's request, the Court entered a payroll control order.

8. On April 14, 2010, notwithstanding the payroll control order directed to the Debtor's employer, the Court dismissed this case for non-payment to the Trustee. The case was closed on July 16, 2010.

9. The Debtor needs this case reopened so that he can file an amended Schedule B, listing the law suit as an asset, and amended Schedule C, claiming the law suit exempt.

10. Although the Debtor now believes that some financial recovery is possible in the law suit against the Cook County Sheriff, the Debtor believes that the majority of any recovery is exempt as wages under Illinois law.

WHEREFORE the Debtor, John A. Nawara, prays that this case be reopened for the purpose of filing amended Schedules B and C, and for such other and further relief as this honorable Court may deem meet.

          Respectfully submitted,
          John A. Nawara

          By:___/s/ David P. Lloyd_____
              His attorney

David P. Lloyd, Ltd.
615B S. LaGrange Rd.
LaGrange IL  60525
708-937-1264
Fax: 708-937-1265